**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | | |
|---|---|---|---|
| United States of America, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Case Nos. | 4:99-cr-19 |
| | ) | | 4:98-cr-70 |
| Raymond Falcon, | ) | | |
| | ) | | |
| Defendant. | ) | **ORDER DENYING MOTION** | |

___

Before the Court is Defendant Raymond Falcon's motion to "void judgments." The motion is filed pro se and pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.

Falcon has twice been convicted of drug (marijuana) related felonies in this Court. His current motion seeks that both judgments be voided. The motion has been filed in case number 4:99-cr-19. The two cases are somewhat interrelated.

**I.    BACKGROUND**

   **A.    Case Number 4:98-cr-70**

Falcon was found guilty by a jury of one count of conspiracy to distribute a controlled substance, and two counts of money laundering on January 28, 2000. He was sentenced to 360 months imprisonment on March 31, 2000. An appeal was taken and the conviction affirmed on January 5, 2001. United States v. Falcon, Nos. 00-1945, 00-1947, 2001 WL 10905 (8th Cir. Jan. 5, 2001). A pro se section 2255 motion was filed December 17, 2001, and denied by this Court on May 28, 2002.[1] Falcon appealed from the denial of his section 2255 motion. On October 31, 2002, the Eighth Circuit Court of Appeals issued an order denying Falcon a certificate of

---

[1] This motion pertained to convictions in both case number 4:98-cr-70 and case number 4:99-cr-70. For statistical purpose a corresponding civil file was opened with regard to this motion: 4:01-cv-129.

appealability.

   **B.**  **Case Number 4:99-cr-19**

Falcon was found guilty on December 14, 1999, of one count of possession with intent to distribute a controlled substance and two counts of distribution of a controlled substance. Before he had even been sentenced Falcon filed a pro se section 2255 motion on March 23, 2000.[2] On March 31, 2000, he was sentenced to 120 months imprisonment to be served concurrently with his 360 month sentence in case number 4:98-cr-70. Notice of appeal from the judgment and conviction was filed on April 5, 2000. This Court denied the section 2255 motion on May 22, 2000. The conviction was affirmed on January 29, 2001. United States v. Falcon, No. 00-1950, 2001 WL 66300 (8th Cir. Jan. 29, 2001). The current motion was filed June 5, 2006.

**II.**  **ANALYSIS**

The Eighth Circuit has instructed that when criminal defendants file Rule 60(b) motions following the dismissal of section 2255 motions the first action of the district court should be a brief inquiry into whether the motion is really a second or successive section 2255 motion. Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). If the Rule 60(b) motion is in actuality a successive section 2255 motion the district court may either dismiss the motion for failure to obtain a certificate of appealability (COA) or transfer the motion to the court of appeals. Id. The reason for this is that inmates may not bypass the authorization requirements of section 2255 by invoking some other procedure. United States v. Williams, No. 05-2237, 2006 WL 688186 (8th Cir. March 20, 2006). If a Rule 60(b) motion reargues claims from a previously rejected section 2255 motion by attacking the district court's ruling on procedural rather than substantive

---

[2]For statistical purpose a corresponding civil file was opened with regard to this motion: 4:00-cv-42

grounds the Rule 60(b) motion should not be treated as a successive section 2255 motion.  Id.

In his current motion Falcon argues the Court lacked jurisdiction, that the only American Indian on the jury venire was improperly removed for cause, and that there was a failure of proof at his trials.  The Court finds these arguments are substantive rather than procedural.

In addition, Falcon's jurisdictional arguments, which appear to be raised in this motion for the first time, regarding tribal sovereignty and Congress lacking the authority to pass criminal laws of general applicability are baseless.  The issue of the challenged juror was raised in the section 2255 motion Falcon filed on December 17, 2001.  The Court rejected the argument.  It should also be noted that in addressing the direct appeals the Eighth Circuit noted the evidence against Falcon was overwhelming. United States v. Falcon, Nos. 00-1945, 00-1947, 2001 WL 10905 (8th Cir. Jan. 5, 2001)("evidence of appellant's guilt was ...overwhelming"); United States v. Falcon, No. 00-1950, 2001 WL 66300 (8th Cir. Jan. 29, 2001)("overwhelming evidence against Mr. Falcon").

### III. CONCLUSION

The purported Rule 60(b) motion is in reality a second or successive section 2255 motion.  Accordingly, the motion is dismissed for failure to obtain a certificate of appealability from the Court of Appeals. 28 U.S.C. § 2244(b)(3).

**IT IS SO ORDERED**.

Dated this 26h day of June, 2006.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court

3